(February 22, 1977)

■ In the Matter of HAROLD WILLIAM HARRISON, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.—In this proceeding to discipline respondent, an attorney, upon charges of misconduct, respondent has submitted an affidavit dated January 21, 1977 in which he tenders his resignation as an attorney and counselor at law. Respondent was admitted to practice by this court on November 5, 1945 as Hal Zlotnick. By his affidavit, Mr. Harrison indicates his awareness of the charges against him, as contained in the petition and supplemental petition, as follows: Respondent was charged with professional misconduct in that he failed to pay over or account for escrow funds (Charges one, two, seven and nine); wrongfully abandoned his law practice (Charge three); failed to co-operate with petitioner in its investigation of the various complaints (Charges four, five and ten); neglected a legal matter (Charge six); and engaged in deceitful conduct regarding the issuance of limited partnership certificates (Charge eight). Respondent admits the correctness of the statements of fact set forth in Charges one, two, four, five, seven, nine and ten. As to Charges three, six and eight respondent states that: "I did not willfully engage in the conduct described but I acknowledge that I was guilty of unethical and unprofessional conduct in violation of my obligations under the Canons of Professional Ethics and of my duties as an attorney and counselor-at-law." The respondent states in his affidavit that his resignation is freely and voluntarily tendered; that he is not being subjected to coercion or duress; that he is fully aware of the implications of submitting his resignation; and he acknowledges that he could not successfully defend himself on the merits against all of the charges which are comprehended by the petition and supplemental petition in this proceeding. Under the circumstances herein, respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that respondent's name be struck from the roll of attorneys and counselors at law, effective forthwith. Gulotta, P. J., Hopkins, Martuscello, Latham and Titone, JJ., concur.

■ AETNA CASUALTY AND SURETY COMPANY, Respondent, v HAMBLY CONSTRUCTION COMPANY, INC., et al., Appellants.—In an action to recover damages predicated upon defendants' default in the performance of a construction contract, defendants appeal from an order of the Supreme Court, Orange County, entered October 26, 1976, which denied their motion to modify a prior order of the same court, dated May 1, 1974. Order affirmed, with $50 costs and disbursements. As a part of the long and tortuous litigation between these parties, this court affirmed the order dated May 1, 1974 (see *Aetna Cas. & Sur. Co. v Hambly Constr. Co.,* 48 AD2d 676) and finds nothing advanced in appellants' arguments to warrant modification of the earlier determination. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ JOAN BAKER, Respondent, v ALFRED S. BAKER, Appellant.—In an action for divorce, in which the defendant husband counterclaimed for divorce and for custody of the infant issue of the parties, defendant appeals from a judgment of the Supreme Court, Dutchess County, dated August 7, 1975, which, after a nonjury trial, *inter alia,* granted plaintiff a divorce and awarded her custody of the infant. Judgment affirmed, without costs or disbursements. The evidence in the record is sufficient to support the trial court's findings in plaintiff's favor. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.